## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Richard Glen Armstrong

    v.

Donald E. Williams,
Commissioner

June 5, 1991

Case No. C-89-218

By JUDGE WILLIAM H. LEDBETTER, JR.

On September 2, 1987, while operating a 1984 Honda motorcycle, or "trail bike," in woods near his home, Richard Glen Armstrong ventured onto a public road and collided with another vehicle. At the time, Armstrong was fifteen years old and unlicensed. The motorcycle was neither registered nor insured.

Although the collision caused only minor damage and there were no injuries, an accident report was filed with the Department of Motor Vehicles (DMV) by Virginia State Police Officer R. C. Davis. The accident report stated that Armstrong was the owner of the motorcycle and that it was not insured.

Upon receipt of the accident report, DMV wrote to Armstrong requesting an insurance certificate. When Armstrong failed to provide evidence of insurance, the Commissioner suspended his operator's license. The Order of Suspension was dated March 17, 1988. (Between the date of the accident and the date of the Order of Suspension, Armstrong apparently had obtained a Virginia operator's license.)

Armstrong, by his parents, requested an administrative hearing. DMV acknowledged the request and temporarily

withdrew the Order of Suspension. A hearing was held on February 24, 1989, in Fredericksburg.

On March 24, 1989, the commissioner issued his decision that Armstrong had "failed to show cause why the Order [of Suspension] should not be enforced" and reinstated the suspension effective April 13, 1989. Armstrong was instructed to pay the statutory fee and provide proof of financial responsibility (Form SR-22) or otherwise refrain from operating motor vehicles until his license was reinstated.

Armstrong noted an appeal of the Commissioner's decision to this court. *See* Virginia Code § 9-6.14:16 and Part 2A of the Rules of Court. For some reason, the parties did not bring the matter on for hearing until June 3, 1991. On that date, the court conducted a hearing and took the matter under advisement.

In correspondence with DMV and at the administrative hearing, Armstrong raised a number of issues which have been abandoned on appeal. At the June 3rd hearing, counsel conceded that the dispositive issue is ownership of the motorcycle. In other words, if Armstrong owned the uninsured motorcycle on September 2, 1987, he is subject to the statutory provisions that require proof of financial responsibility; on the other hand, if Armstrong's father owned the motorcycle, the action of the Commissioner in suspending Armstrong's license was improper.

The standard for judicial review of administrative decisions under the Administrative Process Act is spelled out in § 9-6.14:17 and the cases construing that statute. The limited judicial review of agency decisions pursuant to that statute is defined as follows: (1) whether the agency acted in accordance with law; (2) whether the agency made a procedural error; and (3) whether the agency had sufficient evidential support for its finding of fact. *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988). Only (3) is involved here. In such a case, the determination of factual issues is to be made on the record, and the inquiry is whether there is substantial relevant evidence in the record so that a reasonable mind might accept it as adequate to support the agency's decision. *State Board of Health v. Godfrey*, 223 Va. 423 (1982); *Virginia Real Estate Commission v. Bias*, 226 Va. 264 (1983). Upon review, a court may reject the agency's findings of fact only

if, considering the record as a whole, a reasonable person would necessarily come to a different conclusion. *Bio-Medical Applications v. Kenley*, 4 Va. App. 414 (1987).

Applying this standard of review, the court is of the opinion that the record supports the Commissioner's conclusion that Armstrong owned the motorcycle. From the evidence, including the testimony of Armstrong's father, the agency had before it substantial relevant evidence from which it could reasonably conclude that the Honda motorcycle was purchased by the father *for* Armstrong and that the motorcycle actually belonged to (i.e., was owned by) Armstrong. Because there was no certificate of title, ownership must be determined by reference to the intent of the persons concerned as well as by objective indicia of possession and control.

As noted above, the court cannot substitute its judgment for that of the administrative hearing officer and the agency on a purely factual issue. Accordingly, the Commissioner's decision, supported by substantial evidence, will be affirmed and the appeal dismissed.